IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.   6:04-48-GRA |
| vs. | ) | |
| | ) | ORDER |
| Terrance Derrell Norman, | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's Motion to Compel Government to File Rule 35(b) Motion. The government responded and declined to make a motion for reduction of defendant's sentence. For the reasons set forth below, defendant's motion is DENIED.

I. Background

After a series of court proceedings and negotiations with the government, defendant entered a guilty plea on July 28, 2004 to Count One of a three count indictment charging him with two counts of access device fraud in violation of 18 U.S.C. §1029(a)(2) and one count of felon in possession of firearm in violation of 18 U.S.C. § 922(1)(g) and 924(a)(2). Defendant was allowed to remain out on bond until he was sentenced November 8, 2004. Further, this Court allowed the defendant to self-report to prison, though his bond was revoked on December 15, 2004 after his arrest on state charges of receiving stolen goods. Subsequent to this arrest, the defendant fled and was located and arrested by U.S. marshals on January

1

27, 2005.

II. Discussion

Defendant is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

"[F]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Wade v. United States*, 504 U.S. 181, 185-86 (1992). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Id.* at 186. A defendant must make a "substantial threshold showing" of improper motive on the part of the government. *Id.* The government has wide discretion in evaluating a defendant's cooperation and in deciding whether or not to recommend particular sentences. *United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000). Absent bad faith or unconstitutional motive, the government's assessment of the defendant's cooperation or assistance will be upheld. *Id.*

Defendant does not allege or claim that the government relies on bad faith, improper or unconstitutional motives in refusing to make a Rule 35(b) motion to

2

reduce defendant's sentence. He merely asserts that he has provided substantial assistance. Therefore, he has not made the required "substantial threshold showing." Additionally, defendant's post-sentencing arrest was a violation of his plea agreement and releases the government from its requirement to file a Rule 35 motion if cooperation is deemed by government attorneys as providing substantial assistance.

IT IS THEREFORE ORDERED that defendant's motion to compel be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

May  18 , 2005

### NOTICE OF RIGHT TO APPEAL

The defendant has the right to appeal this order within ten (10) days from the date of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.